UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

YASHUA PLAIR,

                                                         Plaintiffs,

               -against-

CITY OF NEW YORK; Correction Officer PEREZ;
Captain BLAIR; Correction Officer K. WILLIAMS;
Correction Officer D. POWELL; Correction Officer S.
CALDWELL; Correction Officer EUGENE PAINI, Shield
9212; Correction Officer DODIE BRAVER, Shield 8544;
Capatain BELINDA NICKS, Shield 679; Captain FRANK
CAVALLI, Shield 1492; Captain JEAN RENE, Shield
572; JOHN DOES # 10-20,

                                                         Defendants

------------------------------------------------------------- x

**STIPULATION AND
PROTECTIVE ORDER
REGARDING COURT
ORDERED PHOTOGRAPHS**

10-CV-8177 (RWS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/29/12

        **WHEREAS**, plaintiff has requested copies of photographs of New York City Department of Correction uniformed personnel who were on duty at Robert N. Davoren Complex (RNDC) from the time of the September 8, 2010 incident alleged in the amended complaint to the time plaintiff was seen at the clinic on September 9, 2010.

        **WHEREAS**, defendants deem these documents confidential; and

        **WHEREAS**, plaintiff seeks production of these photographs for the limited purpose of identifying the John and Jane Doe defendants named in the amended complaint;

        **WHEREAS**, at oral arguments on April 25, 2012, the Honorable Robert W. Sweet, U.S. District Judge, directed the parties to arrange for the production of these documents subject to appropriate protections for their confidentiality;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiff and defendants as follows:

1. As used herein, "Confidential Materials" shall mean the photographs of New York City Department of Correction uniformed personnel who were on duty at RNDC from the time of the September 8, 2010 incident alleged in the amended complaint to the time plaintiff was seen at the clinic on September 9, 2010.

2. Plaintiff's attorneys shall not use the Confidential Materials for any purpose other than for the preparation or presentation of the cases entitled Yashua Plair v. City of New York, et al., 10 Civ. 8177 (RWS) ("this action").

3. Plaintiff's attorneys shall not disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

(a) Disclosure may be made only if necessary to the preparation or presentation of their cases in this action.

(b) Disclosure before trial may be made only to the parties, to a person previously identified by the parties as a potential witness to the incident alleged in the complaint, or to the Court.

(c) In the event that disclosure is made to a potential witness, including plaintiff, such disclosure shall be limited to a visual inspection by the witness, will be solely for the purpose of ascertaining whether the subject of each photograph was present during the incident alleged in the complaint, and will be no longer than is necessary to achieve such purpose. Under no circumstances shall plaintiff's attorneys permit any potential witness, including plaintiff, to take or retain possession of any Confidential Materials, nor shall plaintiff's attorneys send any photograph to any individual presently incarcerated. Plaintiff's counsel may (i) send the photographs to the counselors or administrators at the facilities where the potential witnesses are housed, pursuant to subsection (d) *infra*; (ii) request that those individuals only

disclose the photographs to the witness at the deposition; and (iii) ask that they return or destroy the photographs immediately after the deposition.

(d)  Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff's attorneys shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by plaintiff's attorneys and copies provided to counsel for defendants.

4.  Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall at defendants request to the reporter, be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

5.  The parties agree that, if any papers that incorporate Confidential Materials or reveal the contents thereof, are to be filed with the Court, the parties shall make a joint application to the Court for permission to file those papers under seal. Upon receipt of permission, the parties shall follow the District Court protocol for filing under seal.

6.  Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, and all nonconforming copies, notes, and other materials containing or referring to information derived therefrom, shall, upon defendants' request, be returned to defendants' attorneys or, upon their consent, destroyed, and all persons

who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorneys.

7. Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

8. This Stipulation shall be binding on the parties immediately upon signature, and shall be submitted to the Court for an entry as an Order.

DATED: May 25, 2012
New York, New York

HARVIS MARINELLI SALEEM & WRIGHT LLP
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880      5/25/12
By: _____
Afsaan Saleem, Esq.

*Attorney for plaintiff*

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
100 Church Street
New York, New York 10007
(212) 788-1300
By: _____
Joseph A. Marutollo
Assistant Corporation Counsel
Special Federal Litigation Division

*Attorney for defendants City of New York, Wanda Blair, Kenneth Williams, Dorothy Powell, Stephen Caldwell, Eugene Paini, Dodie Braver, Belinda Nicks, Frank Cavalli and Jean Rene*

Dated 5/29, 2012
New York, NY

SO ORDERED:
_____
HON. ROBERT W. SWEET
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York in the action entitled Plair v. City of New York, et al., 10-CV-8177 (RWS) and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not disclose the Confidential Materials except in testimony taken in this case.

_____          _____
Date                                                                Signature

                                                                    _____
                                                                    Print Name